IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEEBA SCOTT HARRIS,** | : | CIVIL ACTION NO. 1:22-CV-1463 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **CRAIG LOWE,** *et al.*, | : | |
| Respondents | : | |

**MEMORANDUM**

This is a habeas corpus case brought pursuant to 28 U.S.C. § 2241. Petitioner, Keeba Scott Harris, who is currently incarcerated in the Pike County Correctional Facility awaiting a criminal trial in the Pike County Court of Common Pleas, seeks release from custody and dismissal of the criminal charges against her. We will summarily dismiss the petition.

**I.    Factual Background & Procedural History**

Harris is awaiting trial in the Pike County Court of Common Pleas. See Commonwealth v. Harris, No. CP-52-CR-0000690-2019 (Pike Cty. filed Dec. 13, 2019). She is facing numerous charges for terrorism to intimidate or coerce a civilian population, conspiracy to commit terrorism to intimidate or coerce a civilian population, kidnapping to facilitate a felony, kidnapping to inflict injury or terror, false imprisonment, unlawful restraint, conspiracy to commit robbery, robbery, robbery of a motor vehicle, theft by unlawful taking of movable property, conspiracy to commit theft by unlawful taking of movable property, burglary, conspiracy to commit burglary, criminal trespass, criminal mischief, terroristic

threats, aggravated assault, simple assault, recklessly endangering another person, unlawful carrying of a firearm without a license, unlawful body armor, and possession of a weapon. Id.

Harris filed a motion to quash the police complaints against her in the Court of Common Pleas due to alleged "defects and prejudice" on October 29, 2021. Id. While that motion was pending, Harris filed an identically titled motion in the Pennsylvania Superior Court on November 8, 2021. See Commonwealth v. Harris, No. 108 EDM 2021 (Pa. Super. Ct. Nov. 8, 2021). The Superior Court denied the motion on December 20, 2021, without prejudice to Harris's right to seek the requested relief and disposition in the trial court. Id. At the time of the Superior Court's ruling, the Court of Common Pleas had not yet ruled on Harris's motion to quash. See Harris, No. CP-52-CR-0000690-2019. Harris's criminal case in the Court of Common Pleas remains pending and is scheduled for trial during the court's November 2022 trial term. See id.

Harris filed the instant petition on September 1, 2022 in the United States District Court for the Southern District of New York, and that court received and docketed the petition on September 7, 2022. (Doc. 1 at 1, 8). The case was transferred to this district on September 12, 2022. (Doc. 3).

Harris raises four claims for habeas corpus relief: (1) that the Court of Common Pleas allegedly lacks jurisdiction over her as a Native American; (2) that she is entitled to tribal immunity because she was allegedly acting in her role as an official of a federally recognized Native American tribe when she committed the conduct underlying her criminal charges; (3) that the police complaint against her is

invalid because it lacks a signature from a judge; and (4) that the Commonwealth has violated her right to a speedy trial. (Doc. 1 at 6-7). Harris has additionally moved for release pending the review of her habeas corpus petition. (Doc. 7).

## II.    Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254 Rule 1.

## III.   Discussion

We will dismiss the habeas corpus petition without prejudice pursuant to Rule 4. Petitioners seeking habeas corpus relief prior to final conviction and sentence in state court may only obtain such relief if (a) they make "a special showing of the need" for habeas corpus relief and have exhausted state court remedies or (b) "extraordinary circumstances" justify habeas corpus relief. Moore v. DeYoung, 515 F.2d 437, 443 (3d Cir. 1975) (citing Braden v. 30th Judicial Cir. Ct. of Kentucky, 410 U.S. 484 (1973)).

In this case, the record reflects that Harris has not exhausted state court remedies prior to filing her petition. Harris indicates that she appealed an adverse ruling to the Pennsylvania Superior Court, (see Doc. 1 at 2), but the docket shows that the Superior Court denied her request for relief because the Court of Common Pleas had not yet ruled on the underlying motion. See Harris, No. 108 EDM 2021. Hence, Harris has not properly presented her claims to the Superior Court and has

3

failed to exhaust her state court remedies.  See Kennedy v. Superintendent SCI Dallas, __ F. 4th __, No. 21-1265, 2022 WL 6657885, at *2 (3d Cir. Oct. 11, 2022) (citing Hemphill v. New York, 595 U.S. __, 142 S. Ct. 681, 689 (2022)).  Harris has also not made any argument as to why extraordinary circumstances justify habeas corpus relief in the absence of exhaustion.  See Moore, 515 F.2d at 443.  We will accordingly dismiss the petition without prejudice.  Harris's motion for release pending the review of her habeas corpus petition will be denied as moot.

**IV.   Conclusion**

We will dismiss the petition (Doc. 1) for writ of habeas corpus without prejudice and deny the motion for release as moot.  A certificate of appealability will not issue because no reasonable jurist would disagree with this procedural ruling.  Buck v. Davis, 580 U.S. __, 137 S. Ct. 759, 777 (2017).  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    October 13, 2022